IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AWNTERIO D. LOWERY,

        **Petitioner,**

   v.                 CASE NO. 23-3053-JWL

DAN SCHNURR[1],

        **Respondent.**

### MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus[2] filed pursuant to 28 U.S.C. § 2254 by Petitioner and state prisoner Awnterio D. Lowery, who is represented by counsel. (Doc. 1.) It comes before the Court on Petitioner's motion for additional time to file a memorandum of law in support of his petition, filed the same day as the petition. (Doc. 2.) Therein, Petitioner's counsel informs the Court that he was only recently retained and he filed the petition to ensure that the federal habeas statute of limitations is met but he seeks more time "in which to fully research, prepare, and file a memorandum of law in support of the claims raised in the Petitioner's 2254 petition." *Id.* at 1-2.

The motion will be granted. Petitioner is granted to and including June 30, 2025, in which

---

[1] When counsel for Petitioner filed the petition in this matter, he named Kansas Attorney General Kris Kobach as an additional respondent. The sole proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement ... the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, the Court will direct the clerk to terminate Attorney General Kobach from this action.

[2] Attached to the petition are 85 pages of exhibits, which are copies of various state-court orders and opinions in Petitioner's cases. (Doc. 1-1, p. 1-85.) Counsel is advised that attaching such documents to a petition for federal habeas relief under 28 U.S.C. § 2254 is neither required nor encouraged. If the Court orders Respondent to file an answer to the petition, it will require Respondent to file copies of the relevant records, transcripts, opinions, and dispositive orders from the initial criminal proceeding, the direct appeal, and any relevant postconviction proceedings. *See* Rule 5 of the Rules Governing Section 2254 cases in the United States District Courts; *Ruhl v. Williams*, Case No. 23-3053-JWL, Doc. 6 (ordering answer to § 2254 petition).

to file a memorandum in support of the petition. When the memorandum is filed, the Court will proceed with the initial screening required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and issue further orders as necessary.

Counsel is advised, however, that "[t]he appropriate way to present arguments or claims not included in the operative petition is by seeking leave to amend" the petition. *Waliallah v. Meyer*, 2022 WL 1421572, *1 (D. Kan. May 5, 2022) (unpublished) (citations omitted). The Rules Governing Section 2254 Cases in the United States District Courts contemplate the filing of a petition (Rule 3), an answer to the petition (Rule 5), and a reply to the answer (Rule 5). No further briefing is contemplated. Moreover, Rule 4 requires the Court to "promptly examine . . . the petition and any attached exhibits" to determine whether it plainly appears that the petitioner is not entitled to relief. Rule 4 does not mention a memorandum filed in support of the petition. When a supporting memorandum is filed at the same time as the petition by a pro se petitioner who is entitled to liberal construction of his or her pleading, the Court will often construe it as an attachment to the petition and include it in the Rule 4 review. Filings prepared by counsel, however, are not entitled to this liberal construction. *See Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994); *Tatten v. City & Cnty. of Denver*, 730 F. App'x 620, 624 (10th Cir. 2018) (unpublished). Although the Court will grant the extension in this matter, it does not anticipate doing so in future cases in which the petitioner is represented by counsel.

Finally, Petitioner is reminded that because the relevant statute of limitations is about to expire, he should ensure that the currently filed petition contains all grounds for relief he wishes to raise in this matter and that the memorandum in support discusses only claims made in the petition. The Court will not be inclined to allow amendments to the petition that raise new claims after the expiration of the statute of limitations. *See Pacheco v. Habti*, 62 F.4th 1233, 1240 (10th

Cir. 2023), *cert. denied* 143 S. Ct. 2672 (2023) ("A proposed claim asserted outside the limitations period is generally time-barred. . . . A court therefore should not grant a habeas applicant leave to amend to assert new claims outside AEDPA's limitations period unless there exists 'a common core of operative facts uniting the original and newly asserted claims.'").

**IT IS THEREFORE ORDERED** that Attorney General Kris Kobach is terminated as a respondent in this action.

**IT IS FURTHER ORDERED** that the motion for additional time to file a memorandum in support of the petition (Doc. 2) is **granted**. Petitioner is granted to and including June 30, 2025 in which to file a memorandum in support of the petition, after which the Court will proceed with the screening of this matter.

**IT IS SO ORDERED.**

DATED:   This 30th day of April, 2025, at Kansas City, Kansas.

> S/ John W. Lungstrum
> JOHN W. LUNGSTRUM
> United States District Judge